Scott Peterson
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
speterson@mswdlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| JEAN-PAUL LAUREN and MONTANA FAIR HOUSING, INC., <br><br>Plaintiffs, <br><br> vs. <br><br> STONERIDGE APARTMENTS, LP; HIGHLAND PROPERTY MANAGEMENT, INC.; LEILANI NAKAMURA; <br><br>Defendants. | Cause No: _____ <br><br><br> **COMPLAINT** |

## NATURE OF THIS ACTION

1.  Jean-Paul Lauren ("JP") and Montana Fair Housing, Inc. (collectively, "plaintiffs") bring this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq. ("Fair Housing Act") and the Montana Human Rights Act.

## JURISDICTION, VENUE, AND PARTIES

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over the state law claims

because those claims arise out of the same nucleus of operative fact as the federal claims. Plaintiffs have also exhausted their state administrative remedies by having the allegations investigated by the Montana Human Rights Bureau, and timely electing a civil action.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Venue is proper in this District under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there, all the Defendants reside there, and the property that is the subject of this suit is located there. Venue is also proper in this division as venue under state law is proper in Gallatin County since the discriminatory acts occurred there, the property is in Gallatin County, and defendant Leilani Nakamura (based on information and belief) reside there .

4. Defendant Stoneridge Apartments, LP ("Stoneridge Apartments") is a business entity organized under the laws of Montana, with its principal place of business in Missoula, Montana.

5. Highland Property Management, Inc. ("Highland") is a property management company hired by Stoneridge Apartments to manage the subject property. At all relevant times, Highland acted on Stoneridge Apartments behalf.

6. Leilani Nakamura is an employee of Highland Property Management, Inc. and the property manager for the subject property. At all

relevant times, Nakamura acted on Stoneridge Apartments behalf.

7. The subject property and the other residential properties owned or managed by Defendants are "dwelling[s]" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

8. JP rents a dwelling from Stoneridge Apartments in Bozeman, Montana.

9. Montana Fair Housing, Inc. ("Montana Fair Housing") is a Montana nonprofit corporation, whose organizational mission is to promote and ensure non-discrimination in Montana through outreach, education, dispute resolution, and enforcement.

## FACTUAL ALLEGATIONS

10. JP is a person with disabilities. To assist with his disabilities, he relies on a trained service dog.

11. JP moved into a Stoneridge Apartment in approximately April 2020. Shortly thereafter, he submitted various requests for reasonable accommodation to Stoneridge. This included a request to (1) have his service animal off-leash and (2) an accommodation with regards to picking up after his service animal. Regarding the latter accommodation, JP specifically proposed that his aides will perform pickup on a two-day cycle, with an annual spring cleanup after the snow melts.

12. In response, Defendants sent back correspondence indicating

that they had granted Lauren's accommodation requests.

13. However, on July 3, 2020, Defendants sent JP a "Notice of Pet Policy" stating that JP's service animal was off leash in violation of Stoneridge's general policy.

14. Around this same time, JP spoke with Leilani Nakamura, a new property manager. JP told Nakamura that his service animal needed to perform certain specific tasks without a leash. Nakamura provided verbal approval for this requested accommodation.

15. JP continued to have his dog off leash (in accordance with the requested accommodation) and Stoneridge provided no further notices of a lease violation until February 2021.

16. But on February 19, 2021, Stoneridge sent JP a "Notice to Correct or Vacate" based on his failure to remove dog feces left by the service dog and pet leash violations. It sent another notice on March 18, 2021.

17. Then, on March 19, 2021, Stoneridge issued a 5-day Notice to Vacate because his dog had been observed on the property without a leash on a recurring basis.

18. On April 1, 2021, Stoneridge began eviction proceedings (which remain pending) because of the claimed violations.

19. Of course, the only conduct given rise to this adverse action were agreed upon, reasonable accommodations secondary to JP's disability. And

even if they were not agreed upon accommodations, JP had:

    a.    made clear, written requests for accommodation,

    b.    the requests were reasonable, and

    c.    they caused no undue hardship to Defendants.

And thus, Defendants would still remain liable for failing to make the requested accommodations.

20.    After Stoneridge took adverse action against him, JP contacted Montana Fair Housing for assistance, which Montana Fair Housing provided. Montana Fair Housing therefore expended staff time and other resources that could otherwise have been devoted to other aspects of its mission to further fair housing in Montana.

## COUNT I
## VIOLATIONS OF THE FAIR HOUSING ACT

21.    Plaintiffs re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-20.

22.    By the actions set forth above, Defendants have:

    a.    Discriminated in the rental, or otherwise made unavailable or denied dwellings because of disability, in violation of 42 U.S.C. § 3604(f)(1);

    b.    Discriminated in the terms, conditions or privileges of the rental of a dwelling, or in the provision of services or

        facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2);

   c.    Refused to make reasonable accommodations in rules, policies, practices or services, when such accommodations may have been necessary to afford complainant JP equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604 (f)(3)(B); and

   d.    Coerced, intimidated, threatened, or interfered with the exercise or enjoyment of rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

23. As a result of Defendants' conduct, JP and Montana Fair Housing have been injured and are "aggrieved persons" as defined by 42 U.S.C. § 3602(i). In particular, JP had obtained grant money to make modifications to the apartment to better accommodate his needs. That grant money was lost, though, once Defendants instituted eviction proceedings. Montana Fair Housing has expended time and resources in assisting JP with this matter.

## COUNT II
## VIOLATIONS OF THE MONTANA HUMAN RIGHTS ACT

24. Plaintiffs re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-23.

25. For the same reasons that Defendant has violated the Fair

Housing Act, Defendants are also liable under Montana law.

## **PRAYER FOR RELIEF**

Plaintiffs pray as follows:

1. A declaration that the discriminatory conduct of Defendants (as set forth above) violates the Fair Housing Act and Montana Human Rights Act;

2. An injunction against Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

    a. discriminating on the basis of disability, in violation of the Fair Housing Act and Montana Human Rights Act;

    b. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, JP and Montana Fair Housing;

    c. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's unlawful practices;

3. An award of monetary damages to JP and to Montana Fair Housing;

4. Punitive damages; and

5. Attorney's fees and costs.

Dated: June 22, 2022

                                       /s/ Scott Peterson
                                       Scott Peterson
                                       MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
                                       401 N. Last Chance Gulch St.
                                       Helena, MT 59601
                                       ph. (406) 442-3261
                                       fax (406) 443-7294
                                       speterson@mswdlaw.com

                                       ***Attorney for Plaintiffs***